UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COREY BROOKS, | : | PRISONER |
| *PLAINTIFF,* | : | NO. 3:03CV544 (WWE)(HBF) |
| | : | |
| VS. | : | |
| | : | |
| WARDEN MYERS, ET AL., | : | |
| *DEFENDANTS.* | : | FEBRUARY 26, 2004 |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS
COMPLAINT**

**I.    FACTS**:

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that he was subjected to excessive force on August 26, 2002 and then denied proper medical attention. Plaintiff sues defendants in both their individual and official capacities and seeks monetary relief and injunctive and declaratory relief.

To the extent plaintiff seeks monetary relief from defendants in their official capacities, those claims are barred by the Eleventh Amendment. Moreover, plaintiff's injunctive relief claims are now moot as he is no longer housed at Northern Correctional Institution. Finally, plaintiff has not and/or cannot allege the direct personal involvement of the defendants Myers, Regan, Butler, Dudley and Badura. Accordingly, they have no personal involvement and this action should be dismissed as to them.

**II.    DISCUSSION**

    **A.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
          RELIEF CAN BE GRANTED**

        **1.    STANDARDS FOR MOTION TO DISMISS**

The function of a motion to dismiss is to test the legal feasibility of a complaint. Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.

1984). A complaint should be dismissed if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

In deciding a motion to dismiss the court assumes all factual allegations in the complaint are true and construes them most favorably to plaintiff. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). In addition to the complaint, the court may consider and construe any exhibit attached to the complaint. Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir. 1994). Moreover, a document outside the pleadings may be considered if "1) there was undisputed notice to plaintiffs of the document's contents and 2) the document was integral to plaintiff's claim." Degrooth v. General Dynamics Corp., 837 F. Supp. 485 (D.Conn. 1993) affirmed 28 F.3d 103 (1994) cert. denied 115 S.Ct. 637 (1994).

**B. THE ELEVENTH AMENDMENT BARS MONEY DAMAGES AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

A suit against the defendants in their official capacities for money damages is in effect against the State of Connecticut and is barred by the Eleventh Amendment to the United States Constitution. Edelman v. Jordan, 415 U. S. 651, 663 (1974). Even if the State is not specifically named as a defendant, the State may nevertheless be the real party in interest if State funds would be used to satisfy any damage award. See, Ford Motor Co. v. Dept. of Treasury, 323 U. S. 459, 464 (1945). Thus, when a state official is sued in his official capacity, he is an agent of the State and is therefore protected from liability for damages by the Eleventh Amendment. Scheuer v. Rhodes, 416 U. S. 232, 237-38 (1974).

There are exceptions to the above general rule, for example, when a State voluntarily waives its immunity through legislation, or where Congress has specifically abrogated this

2

immunity to ensure the equal protection of the laws for all citizens.  See, Fitzpatrick v. Bitzer, 427 U. S. 445, 451-56 (1976).

Neither of the exceptions apply here because there is no indication that the State of Connecticut has waived its immunity and consented to be sued and, it is clear that Congress did not intend to abrogate the sovereign immunity of the states when it enacted the Civil Rights Act, 42 U.S.C. § 1983.   Accordingly, the action against the defendants in their official capacities for money damages  should be dismissed.

### C.  PLAINTIFF'S CONCLUSORY CLAIMS AND CLAIMS DEVOID OF PERSONAL ALLEGATIONS AS TO SHOULD BE DISMISSED

"Complaints relying on civil rights statutes are plainly insufficient unless they contain some specific allegation of fact indicating a deprivation of civil rights, rather than simple conclusions." Koch v. Yunich, 533 F. 2d 80, 85 (2nd Cir. 1976) (emphasis added); see, e.g. Powell v. Jervis, 460 F.2d 551, 553 (2d Cir. 1976); Louis v. Ward, 444 F.Supp. 1107, 1109 (S.D.N.Y. 1978). A complaint relying on civil rights "must set forth facts showing some intentional and purposeful deprivation of constitutional rights." Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). The plaintiff must allege facts that indicate that the defendant has acted under color of state law to deprive him of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d. Cir. 1986) (emphasis added); see also, Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987); Mazurek v. Wolcott Bd. of Educ., 815 F. Supp. 71, 77 (D. Conn. 1993).

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected,' the complainant to a deprivation of rights secured by the Constitution and laws." Rizzo v. Goode, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. §1983).  Where damages are sought in a §1983 action, the defendant(s) must be responsible for the alleged constitutional deprivation.

Thus, an allegation of personal involvement is a necessary prerequisite for a valid cause of action under §1983. See, e.g., Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir.), cert. denied, 414 U.S. 1033 (1973), rev'd on other grounds, Graham v. Connor, 490 U.S. 386 (1989); McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978). Consistent with the requirement that personal involvement is required for a claim under §1983, the Supreme Court has ruled that the general doctrine of respondeat superior does not suffice to state a claim under §1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692-95(1978). Thus, in order to state a cognizable claim, the plaintiff must allege, and ultimately prove, "personal involvement of [the defendants] sufficient to support their liability for wrongful acts," not merely their "linkage in the . . . chain of command." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

Supervisory responsibility alone is not enough to confer exposure to liability. Williams v. Smith, 781 F.2d 313, 323 (2d Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974). A supervisory official may only be liable if it is alleged that he or she learned of the violation and failed to remedy the wrong, if he created or permitted the policy or wisdom under which the unconstitutional practices occurred, or if he was grossly negligent in managing subordinates who caused the violation. Williams v. Smith, 781 F.2d at 323-24; Meriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989). "A plaintiff must thus allege a tangible connection between the acts of the defendants and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). An official cannot be held liable merely because he or she occupies a high position in the prison hierarchy. Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995).

In the instant case, plaintiff fails to allege that former Warden Myers, Captain Reagan, Captain Butler, Medic Dudley or Medic Badura did anything to violate plaintiff's constitutional

4

rights. Supervisory responsibility alone is not enough to confer exposure to liability. <u>Williams v. Smith</u>, 781 F.2d 313, 323 (2d Cir. 1986); <u>Williams v. Vincent</u>, 508 F.2d 541, 546 (2d Cir. 1974). "A plaintiff must thus allege a tangible connection between the acts of the defendants and the injuries suffered." <u>Bass v. Jackson,</u> 790 F.2d 260, 263 (2d Cir. 1986). An official cannot be held liable merely because he or she occupies a high position in the prison hierarchy. <u>Colon v. Coughlin</u>, 58 F.3d 865, 874 (2d Cir. 1995).

In <u>Sealey v. Giltner</u>, 116 F.3d 47, 51 (2d Cir. 1997), the plaintiff sent two letters to the defendant prison official. The first letter, an appeal from an administrative segregation hearing, was referred by the receiving official to another official for determination. The second letter was a status inquiry to which the official responded by informing the prisoner that a decision had been rendered. The Second Circuit found that this conduct on the part of the defendant official, without more, "[did] not demonstrate the requisite personal involvement" to support a finding of liability. <u>Id.</u>

Similarly, in <u>Colon v. Coughlin</u>, 58 F.3d 865 (2d Cir. 1995), the Second Circuit found insufficient personal involvement by an official who received a prisoner's letter complaint but did not investigate the prisoner's claims, noting that "the contents of the letter are not specified; we do not know, therefore, whether the letter was one that reasonably should have prompted [the official] to investigate." <u>Id</u> at 873.

Here, plaintiff alleges only with regard to defendant Myers that he is the warden, responsible for the day to day running of the facility and that he is the Grievance Level 1 reviewer. However, plaintiff also alleges that defendant Coates sometimes acts as the Warden at Northern C.I. Here, plaintiff alleges that he filed a grievance on September 11, 2002 about the use of force which was denied on September 27, 2002. As is readily apparent, from the attached

grievance, defendant Coates denied this grievance, not former Warden Myers. In addition, plaintiff alleges that he filed a grievance on September 11, 2002 about being placed in a cell with an inmate on administrative segregation while he was on administrative detention. As is readily apparent from the attached grievance, defendant Coates denied this grievance, not former Warden Myers.

Similarly, plaintiff alleges only that Captain Reagan is the 2nd shift commander at Northern. Plaintiff does not allege that Captain Reagan was involved in the use of force on August 26, 2002. Indeed, plaintiff does not allege whether Captain Reagan was even working that day.

As to Captain Butler, plaintiff alleges only that he was the Unit Manager for Administrative Segregation and that he wrote to Captain Butler on September 5, 2002 complaining about the use of force on August 26, 2002 and being placed in a cell with an inmate on administrative segregation status. Plaintiff alleges that he received a response indicating that all Freedom of Information Requests need to be made through Major Coates. These allegations against Captain Butler fail to support a claim under 42 U.S.C. § 1983 against him.

Finally, plaintiff alleges only that Colleen Dudley and Stephen Badura are medical staff at Northern who evaluate and provide medical care and assessments of inmates. Plaintiff does not allege that either Dudley or Badura did anything to violate his constitutional rights.

Because plaintiff has not alleged any facts and/or cannot allege any facts to suggest that defendants Myers, Reagan, Butler, Dudley or Badura were personally involved in any alleged denial of plaintiff's constitutional rights, this action should be dismissed as to him.

**D.**

**THE CLAIM FOR INJUNCTIVE RELIEF IS MOOT**

To the extent that plaintiff seeks injunctive relief against certain conditions which allegedly violate his rights at the Northern Correctional Institution, the case is moot. Plaintiff is no longer housed at Northern.

Under these circumstances, the relief requested is no longer needed. See Washington v. James, 782 F.2d 1134, 1137 (2nd Cir. 1986). Where the litigant is no longer at the correctional facility, the issue is moot and the Court need not reach the merits of the issue. Imannun Abdut Tawwab v. Metz, 554 F.2d 22, 24 (2nd Cir. 1977); Mawhinney v. Henderson, 542 F.2d 1, 2 (2nd Cir. 1976); Parkinson v. Goord, 116 F.Supp. 2d 390 (W.D.N.Y. 2000).

Accordingly, this court should dismiss plaintiff's claims for injunctive relief as moot.

**CONCLUSION**

For all the foregoing reasons, defendants respectfully move to dismiss the claims for money damages against all defendants in their official capacities, the claims for injunctive relief and all claims against defendants Myers, Reagan, Butler, Dudley and Badura.

    DEFENDANTS

    Larry Myers et al.

    RICHARD BLUMENTHAL
    ATTORNEY GENERAL

    _____

By:    Ann E. Lynch
    Assistant Attorney General
    Federal Bar No. ct10835
    110 Sherman Street
    Hartford, CT 06105
    Tel.: (860) 808-5450
    Fax: (860) 808-5591
    Fed Bar No. Ct 08326

## **CERTIFICATION**

I hereby certify that a copy hereof was mailed on this 26th day of February 2004, first class postage prepaid, to:

Corey Brooks, Inmate #237651
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

                                                     _____
                                                     Ann E. Lynch
                                                     Assistant Attorney General