UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAR 19 P 4:09

U.S. DISTRICT COURT
BRIDGEPORT, CONN

COREY T. BROOKS #237651
PLAINTIFF

CASE NO. 3:03CV00544(WWE)(HBF)

VS.

WARDEN LARRY MYERS ET. AL.,
DEFENDANTS

DATE: MARCH 17TH, 2004

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

THIS CASE IS A CIVIL RIGHTS ACTION FILED BY THE PLAINTIFF COREY T. BROOKS, FOR COMPENSATORY AND PUNITIVE DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF, UNDER TITLE 42 U.S.C § 1983, ALLEGING EXCESSIVE USE OF FORCE, CRUEL AND UNUSUAL PUNISHMENT, AND DENIAL OF ADEQUATE MEDICAL CARE IN VIOLATION OF THE EIGTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND DENIAL OF THE DUE PROCESS CLAUSE IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

THE DEFENDANTS HAVE MOVED, PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE, TO DISMISS CLAIMS. THE PLAINTIFF OPPOSES DEFENDANTS' MOTION TO DISMISS AS IMPROPER. THE PLAINTIFF HAS PRESENTED A PLAIN AND CLEAR NOTICE TO THE DEFENDANTS AS TO THE CLAIMS ASSERTED, THEIR PERSONAL INVOLVEMENT, AND THE LEGAL BASIS FOR RECOVERY, THUS MEETING THE REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

1

## STANDARD OF REVIEW

WHEN DECIDING A MOTION TO DISMISS AN ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, THE COURT MUST ACCEPT THE MATERIAL FACTS ALLEGED IN THE COMPLAINT AS TRUE AND CONSTRUE ALL REASONABLE INFERENCES IN THE PLAINTIFF'S FAVOR. COHEN V. KOENIG, 25 F.3d 1168 (2nd Cir. 1994). THE PURPOSE OF A MOTION TO DISMISS IS " MERELY TO ASSES THE LEGAL FEASIBILITY OF THE COMPLAINT, NOT TO ASSES THE WEIGHT OF THE EVIDENCE WHICH MIGHT BE OFFERED IN SUPPORT. THEREFORE." RYDERS ENERGY DISTRIBUTION V. MERILL LYNCH COMMODITIES, INC., 748 F.2d 774, 779 (2nd Cir. 1984).

## ARGUMENT

THE DEFENDANTS MOTION TO DISMISS DATED FEBRUARY 26, 2004, SHOULD NOT BE GRANTED AND THE INSTANT CASE SHOULD NOT BE DISMISSED. THE DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED FOR THE FOLLOWING REASONS:

I. THE PLAINTIFF DOES STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

II. THE PLAINTIFF HAS STATED A CLAIM AGAINST DEFENDANTS WARDEN MYERS, CAPTAIN REAGAN, CAPTAIN BUTLER FOUNDED UPON SUPERVISORY RESPONSIBILITY

III. THE ELEVENTH AMENDMENT IMMUNITY DOES NOT PRECLUDE THE PLAINTIFF FROM MAINTAINING A 42 U.S.C. § 1983 ACTION;

IV. THE DEFENDANTS ARE NOT ENTITLED TO IMMUNITY FOR EACH OF THIER ACTS

ASSERTED IN THE AMENDED COMPLAINT.

V. THE PLAINTIFFS CLAIM FOR INJUNCTIVE RELIEF ARE NOT MOOT.

THE PLAINTIFF IS PROCEEDING PRO-SE AND HAS ALLEGED FACTS IN HIS COMPLAINT SUFFICIENT TO INVOKE FEDERAL JURISDICTION AND SUFFICIENT TO PRESENT COGNIZABLE CLAIMS UNDER 42 U.S.C. §1983. THEREFORE, THE INSTANT CASE SHOULD NOT BE DISMISSED, RATHER THE PLAINTIFF SHOULD BE ALLOWED TO PROCEED WITH HIS CASE AND FURTHER SUBSTANTIATE HIS CLAIMS.

I.   PLAINTIFF DOES STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

THE INSTANT CASE SHOULD NOT BE DISMISSED PURSUANT TO RULE 12 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. THE PLAINTIFF DOES STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. FOR THE FOLLOWING REASONS: THE PLAINTIFF HAS SUFFICIENTLY SATISFIED THE NOTICE REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE; THE PLAINTIFFS ALLEGATIONS REGARDING EXCESSIVE USE OF FORCE, CRUEL AND UNUSUALE PUNISHMENT, DENIAL OF DUE PROCESS AND DENIAL OF ADEQUATE MEDICAL CARE; WERE RAISED IN HIS COMPLAINT.

AND THE PLAINTIFF HAS SUFFICIENTLY ALLEGED A VIOLATION OF HIS EIGHT AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AS APPLIED TO THE STATE BY THE FOURTEENTH AMENDMENT.

A.  PLAINTIFF'S COMPLAINT SATISFIES THE NOTICE REQUIREMENT OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

UNDER THE NOTICE REQUIREMENT OF RULE 8, F.R.CIV.P., A COMPLAINT MUST BE DESIGNED IN A WAY TO GIVE THE DEFENDANT A FAIR UNDERSTANDING OF WHAT THE PLAINTIFF IS COMPLAINING ABOUT AND TO KNOW WHETHER THERE IS A LEGAL BASIS FOR RECOVERY. RICCIUTI V. N.Y.C. TRANSIT AUTHORITY, 941 F.2d 119, 124 (2nd Cir.). "THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT REQUIRE A CLAIMANT TO SET OUT IN DETAIL THE FACTS UPON WHICH HE BASES HIS CLAIM. TO THE CONTRARY, ALL RULES REQUIRE IS A "SHORT AND PLAIN STATEMENT OF THE CLAIM" THAT WILL GIVE THE DEFENDANTS FAIR NOTICE OF WHAT THE PLAINTIFF'S CLAIM IS AND THE GROUNDS UPON WHICH IT REST." CONLEY V. GIBSON____, 355. U.S. 41, 47 (1957)(FOOTNOTE OMITTED).

RULE 8(a)(2) ONLY REQUIRES THAT A COMPLAINT INCLUDE A "SHORT PLAIN STATEMENT OF THE CLAIM SHOWING THAT THE PLEADER IS ENTITLED TO RELIEF." LEATHERMAN V. TARRANT COUNTY NARCOTICS INTELLIGENCE COORDINATION UNIT, 113 S.CT 1160, 1163 (1993). DISMISSAL IS APPROPRIATE ONLY WHERE "IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF THE CLAIM WHICH WOULD ENTITLE HIM TO RELIEF." ALLEN V. WEST POINT PEPPERELL, INC., 945 F.2d 40, 44 (2nd Cir 1991)(QUOTING CONLEY 355 U.S. AT 45-46); SEE GOLDMAN V. BELDEN____, 754 F.2d 1059, 1065 (2nd Cir. 1985). THIS STANDARD IS TO BE APPLIED WITH EVEN GREATER FORCE WHEN THE PLAINTIFF PRESENTS

CLAIMS OF CIVIL RIGHTS VIOLATIONS OR WHEN THE COMPLAINT IS SUBMITTED PRO SE. EASTON V. SUNDRAM, 947 F.2d 1011, 1015 (2nd Cir. 1991), CERT. DENIED, 112 S. CT 1943 (1992).

IN ADDITION, THE PRO SE COMPLAINT IS TO BE "LIBERALLY CONSTRUED". HAINES V. KERNER, 404 U.S. 519, 520-21 (1972). IT IS IMPORTANT TO HAVE CIVIL RIGHTS CLAIMS DECIDED ON THEIR MERITS, PARTICULARLY WHEN THE PLAINTIFF APPEARS PRO-SE. YOUNGER V. CHERNOVETZ, 792 F.SUPP. 173, 175-76 (D.CONN 1992). "THE COURT MUST EXAMINE THE PRO-SE COMPLAINT TO SEE WHETHER THE FACTS ALLEGED, OR ANY SET OF FACTS THE PLAINTIFF MIGHT BE ABLE TO PROVE, COULD PROVIDE A BASIS FOR RECOVERY UNDER 42 U.S.C §1983." ID.

RULE 8(a) SUPPLEMENTS RULE 12 BY SETTING FORTH REQUIREMENTS OF A CLAIM FOR RELIEF. UNDER THE FEDERAL RULES, THE PLEDINGS ONLY NEED SET FORTH ENOUGH INFORMATION TO SUGGEST THAT RELIEF WILL BE BASED ON SOME RECOGNIZABLE LEGAL THEORY. TELETRONICS PROPRIETARY, LTD. V. MEDITRONICS, INC., 687 F. SUPP. 832 (S.D.N.Y. 1988.).

THE PLAINTIFF HAS PRESENTED VIABLE CLAIMS. THE PLAINTIFF'S COMPLAINT IS NEITHER VAGUE NOR AMBIGUOUS, THE CLAIMS ARE LEGALLY SUFFICIENT ON THIER FACE. THE PLAINTIFF'S COMPLAINT CANNOT PROPERLY BE DISMISSED. IF THE DEFENDANTS WANT TO DISCOVER ADDITIONAL FACTS RELATING TO THE PLAINTIFF'S CLAIM, THEY CAN USE THE DISCOVERY PROCESS. A MOTION TO DISMISS IS NOT THE PROPER MEANS TO OBTAIN ADDITIONAL INFORMATION REGARDING THE PLAINTIFF'S PRIMA FACIE CLAIMS. TO DELIVER THE FULL SET OF FACTS SUPPORTING THE CLAIM. IN PARAGRAPHS 22-41 OF THE PLAINTIFF'S AMENDED COMPLAINT, HE MAKES FACTUAL ALLEGATIONS WHICH PRESENT A PLAIN AND CLEAR STATEMENT OF FACT INDICATING A DEPRIVATION OF HIS CIVIL RIGHTS. SAID PLAIN AND CLEAR STATEMENTS HAVE SUFFICIENTLY GIVEN NOTICE TO DEFENDANTS MYERS, BUTLER, REAGAN, DUDLY AND BADURA THAT BY INTENTIONALLY, WANTONLY AND MALICIOUSLY REFUSING PLAINTIFF PROPER

MEDICAL ATTENTION BY ALLOWING HIM TO REMAIN WITH MACE BURNING HIS SKIN FOR EIGHTEEN HOURS WITHOUT A SHOWER IGNORING HIS PLEA'S AS TO DEFENDANTS MYERS, REAGAN, AND BUTLER THE PLAINTIFF'S AMENDED COMPLAINT CLARIFIES DEFENDANTS MYERS, REAGAN, AND BUTLERS PERSONAL INVOLMENT IN THE DEPRIVATION OF THE PLAINTIFF'S EIGTH AMENDMENT RIGHTS. TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. AS A RESULT, OF THE DEFENDANTS EGREGIOUS ACTIONS IN VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, THE PLAINTIFF SUSTAINED PHYSICAL INJURIES.


THE UNNECESSARY ... USE OF FORCE AND WANTON INFLICTION OF PAIN IMPLICATES THE EIGHTH AMENDMENT. ESTELLE V. GAMBLE , 429 U.S. 97, 104 (1976) QUOTING GREG V. GEORGIA, 428 U.S. 153, 173 (1976). IN ORDER TO DEMONSTRATE THAT A CONDITION OF CONFINEMENT CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT A PRISONER MUST SHOW A "CULPABLE STATE OF MIND ON THE PART OF THE PRISON OFFI-CIAL". WILSON V. SEITER, 501 U.S. 294 (1991). THE DEFENDANTS WERE AWARE OF THE PLAINTIFF'S CONDITION OF BEING MACED AND NOT GIVEN PROPER MEDICAL ATTENTION AND EVEN BEING PLACED IN A CELL WITH AN ADMINISTRATIVE SEGREGATION INMATE, POSSESSED A "SUFFICI-ENTLY CULPABLE STATE OF MIND" AND IN AN ATTEMPT TO PUNISH THE PLAINTIFF, PUT HIM ON IN-CELL RESTRAINTS WITH MACE BURNING HIS SKIN FOR EIGHTEEN HOURS WHERE HE WAS IN IMMINENT RISK OF BEING INJURED. ESPECIALLY DEGRADING OR ABUSIVE CONDITIONS ARE UNCONSTITUTIONAL EVEN IF ONLY FOR A SHORT PERIOD OF TIME. LAREAU V. MANSON, 651 F.2d 96 (2d Cir. 1981). SEE ALSO GORDON V. FRAZIER,

973 F.2d 686 (8TH Cir. 1992).

AS A RESULT OF THEIR IMPROPER ACTIONS, THE DEFENDANTS INFLICTED CRUEL AND UNUSUAL PUNISHMENT UPON THE PLAINTIFF IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS AND FOURTEENTH AMENDMENT RIGHTS AS APPLIED TO THE STATE. IN ADDITION, THE PLAINTIFF HAS PROVIDED A STATEMENT OF A WITNESS. V. ROBINSON WHO CAN VERIFY THE MALICIOUS, WANTON AND SADISTIC ACTIONS OF THE DEFENDANTS ALSO THE PLAINTIFF HAS PROVIDED A LETTER THAT VERIFIES LARRY MYERS PERSONAL INVOLMENT. THEREFORE, IT IS INAPPROPRIATE TO DISMISS THE PLAINTIFF'S ALLEGATIONS REGARDING DEFENDANTS MYERS, REAGAN, BUTLER, DUDLEY AND BADURA AS SAID ALLEGATIONS SATISFY THE REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

## THE PLAINTIFF HAS STATED A CLAIM AGAINST DEFENDANTS WARDEN MYERS, CAPTAIN REAGAN, AND CAPTAIN BUTLER FOUNDED UPON PERSONAL INVOLVEMENT AND/OR SUPERVISORY RESPONSIBILITY

UNDER 42 U.S.C. §1983, A DEFENDANT'S PERSONAL INVOLVEMENT IN A DEPRIVATION OF CONSTITUTIONAL RIGHTS IS A PREREQUISITE TO AN AWARD OF DAMAGES. BLACK V. COUGHLIN, 76 F.3d 72, 74 (2nd Cir. 1996). A DEFENDANT IN A §1983 ACTION MAY NOT BE HELD LIABLE FOR DAMAGES MERELY BECAUSE HE HELD A HIGH POSITION OF AUTHORITY. SEE, E.G. WRIGHT V. SMITH, 21 F.3d 496, 501 (2nd Cir. 1994). STILL, A DEFENDANT WHO OCCUPIES A SUPERVISORY POSITION MAY BE FOUND PERSONALLY INVOLVED IN THE DEPRIVATION OF A PLAINTIFF'S CONSTITUTIONALLY PROTECTED LIBERTY INTERESTS IN SEVERAL WAYS:

THE DEFENDANT MAY HAVE DIRECTLY PARTICIPATED IN THE INFRACTION.... A SUPERVISORY OFFICIAL, AFTER LEARNING OF THE VIOLATION THROUGH A RE-

PORT OR APPEAL, MAY HAVE FAILED TO REMEDY THE WRONG....
A SUPERVISORY OFFICIAL MAY BE LIABLE BECAUSE HE OR SHE CREATED
A POLICY OR CUSTOM UNDER WHICH UNCONSTITUTIONAL PRACTICES OCCURR
ED, OR ALLOWED SUCH A POLICY OR CUSTOM TO CONTINUE.... LASTLY,
A SUPERVISORY OFFICIAL MAY BE PERSONALLY LIABLE IF HE OR SHE
WAS GROSSLY NEGLIGENT IN MANAGING SUBORDINATES WHO CAUSED THE
UNLAWFUL CONDITION OR EVENT.

WILLIAMS V. SMITH, 781 F.2d 319, 323-24 (2nd Cir. 1986)(CITATIONS OMITTED). IN ADDITI-
ON, SUPERVISORY LIABILITY MAY BE IMPOSED WHERE AN OFFICIAL DEMONSTRATES
"GROSS NEGLIGENCE" OR "DELIBERATE INDIFFERENCE" TO THE CONSTITUTIONALLY
PROTECTED RIGHTS OF INMATES BY FAILING TO ACT ON INFORMATION INDICAT-
ING THAT UNCONSTITUTIONAL PRACTICES ARE TAKING PLACE. McCANN V. COUGH-
LIN, 698 F.2d 112, 125, 125 (2nd Cir. 1983); SEE ALSO MERIWETHER V. COUGHLIN, 879
F.2d 1037, 1048 (2nd Cir. 1989)(LIABILITY CAN BE IMPOSED WHEN AN OFFICIAL HAS ACTUAL
OR CONSTRUCTIVE NOTICE OF UNCONSTITUTIONAL PRACTICES AND FAILS TO ACT.).


A. WARDEN MYERS
    WHERE AN OFFICIAL HAS ACTUAL OR CONSTRUCTIVE NOTICE OF UNCONSTITU
TIONAL PRACTICES BY STAFF, SUPERVISORY LIABILITY MAY BE IMPOSED
MERIWETHER, 879 F.2d AT 1048. A SUPERVISORY OFFICIAL MAY BE PERSONALLY LIAB-
LE . . . . IF HE OR SHE WAS GROSSLY NEGLIGENT IN MANAGING
SUBORDINATES WHO CAUSE THE UNLAWFUL CONDITION OR EVENT. RAMIREZ V. COUGHLIN
919 F.SUPP. 617, 623 (N.D.N.Y. 1996). WHERE A SUPERVISOR LEARNS OF A VIOLATION AND FAILS
TO REMEDY THE WRONG, THAT INDIVIDUAL MAY BE LIABLE. PACHECO V. COMISSE, 897 F.
SUPP. 671, 678 (N.D.N.Y. 1995).
BECAUSE DEFENDANT MYERS WAS AWARE OF THE PLAINTIFF'S CIRCUMSTANCES AND IN
FACT WAS RESPONSIBLE FOR ORDERING THAT THE PLAINTIFF BE PLACED IN A.S.
HE IS NOT ONLY LIABLE FOR THE UNCONSTITUTIONAL TREATMENT OF THE PLAIN-

-TIFF IN HIS SUPERVISORY CAPACITY BUT ALSO FOR HIS PERSONAL INVOLVEMENT IN THE CONSTITUTIONAL VIOLATIONS. THEREFORE, THE PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO DEMONSTRATE DEFENDANT MYERS INVOLVEMENT IN THE EVENTS UNDERLYING THE ACTION TO DEFEAT THE DEFENDANTS MOTION TO DISMISS.

B. CAPTAIN BUTLER.

WHERE AN OFFICIAL HAS ACTUAL OR CONSTRUCTIVE NOTICE OF UNCONSTITUTIONAL PRACTICES BY STAFF, SUPERVISORY LIABILITY MAY BE IMPOSED. MERIWETHER, 879 F.2d AT 1048. A SUPERVISORY OFFICIAL MAY BE PERSONALLY LIABLE IF HE OR SHE WAS GROSSLY NEGLIGENT IN MANAGING SUBORDINATES WHO CAUSE THE UNLAWFUL CONDITION OR EVENT. RAMIREZ V. COUGHLIN, 919 F.SUPP. 617, 623 (N.D.N.Y. 1996). WHERE A SUPERVISORY LEARNS OF A VIOLATION AND FAILS TO REMEDY THE WRONG, THAT INDIVIDUAL MAY BE LIABLE. PACHECO V. COMISSE, 897 F.SUPP. 671, 678 (N.D.N.Y. 1995).

BECAUSE DEFENDANT BUTLER WAS AWARE OF THE PLAINTIFF'S CIRCUMSTANCES AND DIRECTLY NOTIFIED OF SAME BY THE PLAINTIFF, HE IS NOT ONLY LIABLE FOR THE UNCONSTITUTIONAL TREATMENT OF THE PLAINTIFF IN HIS SUPERVISORY CAPACITY BUT ALSO FOR HIS PERSONAL INVOLVEMENT IN THE CONSTITUTIONAL VIOLATIONS. THEREFORE, THE PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO DEMONSTRATE DEFENDANT BUTLER'S INVOLVEMENT IN THE EVENTS UNDERLYING THE ACTION TO DEFEAT THE DEFENDANTS MOTION TO DISMISS.

C. CAPTAIN REAGAN

WHERE AN OFFICIAL HAS ACTUAL OR CONSTRUCTIVE NOTICE OF UNCONSTITUTIONAL PRACTICES BY STAFF, SUPERVISORY LIABILITY MAY BE IMPOSED. MERIWETHER, 879 F.2d AT 1048. A SUPERVISORY OFFICIAL MAY BE PERSONALLY LIABLE IF HE OR SHE WAS GROSSLY NEGLIGENT IN MANAGING SUBORDIN-

9

ATES WHO CAUSE THE UNLAWFUL CONDITION OR EVENT. RAMIREZ
V. COUGHLIN, 919 F. SUPP. 617, 623 (N.D.N.Y. 1996).

AT ALL TIMES RELEVANT TO COUNT FOUR OF THE PLAINTIFF'S AMENDED
COMPLAINT, DEFENDANT CAPTAIN REAGAN WAS THE SHIFT COMMANDER FOR
ADMINISTRATIVE SEGREGATION UNITS AT NORTHERN C.I. AS THE SHIFT
COMMANDER, HE WAS DIRECTLY RESPONSIBLE FOR THE SUPERVISION AND DISCIP-
LINE OF ALL CORRECTIONAL OFFICERS' AND LIEUTENANTS ON HIS SHIFT.
HE WAS RESPONSIBLE FOR TOURING AND INSPECTING THE UNIT TO INSURE
THE PROPER OPERATION OF THE UNIT. AS A RESULT, OF HIS RESPONSIBILITIE
TO INSPECT THE A.S. UNIT AT NORTHERN C.I., HE WAS, AT THE VERY LEAST,
ON CONSTRUCTIVE NOTICE OF THE ABHORRENT AND UNCONSTITUTIONAL CONDITION
TO WHICH THE PLAINTIFF WAS SUBJECTED.

DEFENDANT REAGAN DEMONSTRATED GROSS NEGLIGENCE AND DELIBERATE INDIF
FERENCE IN FAILING TO AMELIORATE THE CONDITIONS SUFFERED BY THE PLAIN
-TIFF. THEREFORE, THE PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO DEMON-
STRATE DEFENDANT REAGANS' INVOLVEMENT IN THE EVENTS UNDERLYING THE
ACTION TO DEFEAT THE DEFENDANTS MOTION TO DISMISS. THE PLAINTIFF FUR-
THER CONTENDS THAT THROUGH DISCOVERY ADDITIONAL EVIDENCE OF DEFENDANT
REAGANS AWARENESS OF THE INHUMANE CONDITIONS OF THE A.S. UNIT MAY BE
UNCOVERED AND REVEALED.

III.    THE ELEVENTH AMENDMENT IMMUNITY DOES NOT
        PRECLUDE THE PLAINTIFF FROM MAINTAINING A 42
        U.S.C. §1983 ACTION

DEFENDANTS MAINTAIN THAT THEY ARE PROTECTED BY THE ELEVENTH
AMENDMENT TO THE UNITED STATES CONSTITUTION WHICH BARS SUITS AGAINST
THE STATE. IT HAS LONG BEEN ACKNOWLEDGED, "THAT AN UNCONSENTING STATE IS IM-
MUNE FROM SUITS BROUGHT IN FEDERAL COURTS BY HER OWN CITIZENS

AS WELL AS BY CITIZENS OF ANOTHER STATE." EDELMAN V. JORDAN, 415 U.S. 651, 662 (1974). ABSOLUTE IMMUNITY IS GRANTED BY THE ELEVENTH AMENDMENT TO THOSE GOVERNMENTAL POSITIONS WHO MUST EXERCISE DISCRETION IN PERFORMING THEIR DUTIES. SCHEUER V. RHODES, 416 U.S. 232(1974) IN EX PARTE YOUNG, 209 U.S. 123 (1908), THE SUPREME COURT HELD THAT THERE IS AN EXCEPTION TO THE IMMUNITY PROVIDED BY THE ELEVENTH AMENDMENT. WHILE A PERSON IS PROHIBITED FROM SUING A STATE OFFICIAL FOR DAMAGES IN HIS OR HER OFFICIAL CAPACITY FOR DAMAGES, A SUIT CAN BE MAINTAINED AGAINST A STATE OFFICIAL FOR PROSPECTIVE INJUNCTIVE RELIEF. PENHURST STATE SCHOOL AND HOSPITAL V. HALDERMAN, 465 U.S. 89 (1989). YOU CAN SUE A STATE OFFICIAL FOR AN INJUNCTION IN HIS OR HER OFFICIAL CAPACITY. KENTUCKY V. GRAHAM, 473 U.S. 159 (1985). FEDERAL COURT MAY AWARD AN INJUNCTION GOVERNING THE STATE OFFICIAL'S FUTURE CONDUCT, BUT MAY NOT AWARD RETROACTIVE MONETARY RELIEF. EDELMAN V. GRAHAM, 415 U.S. 651 (1974).

IN ORDER TO FALL WITHIN THE PURVIEW OF THE EX PARTE YOUNG EXCEPTION TO THE ELEVENTH AMENDMENT IMMUNITY, THE COMPLAINT NAME THE OFFICIAL(S) RESPONSIBLE FOR THE UNCONSTITUTIONAL CONDUCT. YOUNG, 209 U.S. AT 153-61,

THE PLAINTIFF IN THE INSTANT MATTER NAMED, IN HIS AMENDED COMPLAINT, SPECIFIC STATE OFFICIALS FOR UNCONSTITUTIONAL ACTS VIOLATING HIS EIGTH AND FOURTEENTH AMENDMENT RIGHTS. THE PLAINTIFF HAS REQUESTED PROSPECTIVE INJUNCTIVE RELIEF, IN THAT, HE HAS REQUESTED THAT HE BE PROVIDED WITH A SINGLE CELL TO STOP FUTURE VIOLATIONS.

IV.    THE DEFENDANTS ARE NOT ENTITLED TO IMMUNITY FOR EACH OF THIER ACTS ASSERTED IN THE AMENDED COMPLAINT

THE PURPOSE OF IMMUNITY -- IS NOT TO PROTECT ERRING OFFICIAL FROM THE CONSEQUENCES OF THEIR INJURIOUS ACTS, BUT TO SAFEGUARD THE PUBLIC INTEREST IN HAVING RESPONSIBLE GOVERNMENT EMPLOYERS FAITHFULLY CARRY OUT THEIR DUTIES WITHOUT FEAR OF PROTRACTED LITIGATION IN UNFOUNDED DAMAGE SUITS. HARLOW V. FITZGERALD, 457 U.S. 800 (1982); SEE ALSO WYATT V. COLE ___ U.S. ___. A GOVERNMENT OFFICIAL PERFORMING A DISCRETIONARY FUNCTION IS ENTITLED TO QUALIFIED IMMUNITY PROVIDED HIS OR HER CONDUCT DOES NOT VIOLATE "CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN." NATALE V. TOWN OF RIDGEFIELD, 927 F.2d 101, 104 (2nd CIR. 1991) QUOTING HARLOW, 457 U.S. 800, 818 (1982)). THE COURTS HAVE CONSIDERED THREE FACTORS IN DETERMINING WHETHER A PARTICULAR RIGHT WAS CLEARLY ESTABLISHED AT THE TIME THE DEFENDANTS ACTED: 1.) WHETHER THE RIGHT WAS DEFINED WITH REASONABLE SPECIFICITY"; 2.) WHETHER THE DECISIONAL LAW OF THE APPLICABLE CIRCUIT COURT AND THE SUPREME COURT SUPPORT THE EXISTENCE OF THE RIGHT; AND 3.) WHETHER UNDER PRE-EXISTING LAW A REASONABLE OFFICIAL WOULD HAVE UNDERSTOOD THAT HIS OR HER ACTS WERE UNLAWFUL. JERMOSE V. SMITH, 945 F.2d 547, 550 (2nd CIR. 1991). CERT. DENIED 503 U.S. 961 (1992).

THE PLAINTIFF CONTENDS THAT EACH OF THE DEFENDANTS IS NOT ENTITLED TO IMMUNITY AS A MATTER OF LAW, AS EACH CANNOT ESTABLISH THAT HE OR SHE HAD AN OBJECTIVELY REASONABLE BELIEF THAT HIS OR HER ACTIONS VIOLATED NO CLEARLY ESTABLISH RIGHT. SEE YOUNG V. SELSK, 41 F.3d 47 (2nd CIR. 1994). THE CONTOURS OF THE PLAINTIFF'S RIGHTS WERE SUFFICIENTLY CLEAR FOR A REASONABLE PERSON TO HAVE UNDERSTOOD THEM.

IN ADDITION; SINCE IMMUNITY IS AN AFFIRMATIVE DEFENSE, THE BURDEN OF RAISING IT IN THEIR ANSWER AND ESTABLISHING AT

TRIAL OR ON A MOTION FOR SUMMARY JUDGEMENT. BLACK V. COUGLIN, 76 F.3d 72, 75 (2nd Cir. 1996); SEE E.G, GOMEZ V. TOLEO, 446 U.S. 635.

## PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE NOT MOOT

SHORT-LIVED LEGAL VIOLATIONS THAT ARE OVER WITH BEFORE THEY CAN BE CHALLENGED IN COURT ARE NOT CONSIDERED MOOT IF THEY ARE "CAPABLE OF REPETITION, YET EVADING [JUDICIAL REVIEW" AND IF THERE IS A "REASONABLE LIKELYHOOD" THAT THEY WILL RECUR. HONIG V. DOE, 484 U.S. 305, 318, 108 S. CT. 592(1988); SEE CLARK V. BREWER, 776 F.2d 226, 229(8TH Cir. 1985) (RELEASE FROM "CLOSE MANAGEMENT" DID NOT MOOT CASE BECAUSE THERE WAS A REASONABL EXPECTATION THAT THE PLAINTIFF WOULD BE RETURNED THERE);

A CASE IS MOOT WHEN THE LEGAL DISPUTE HAS BEEN RESOLVED FOR PRACTICAL PURPOSES OR HAS CEASED TO EXIST-IE., WHEN THERE IS NO LONGER A "LIVE" CASE OR CONTROVERSY. MOOTNESS IS ESTABLISHED ONLY IF "(1) IT CAN BE SAID WITH ASSURANCE THAT 'THERE IS NO REASON ABLE EXPECTATION... 'THAT THE ALLEGED VIOLATION WILL RECUR, ... AND (2) INTERIM RELIEF OR EVENTS HAVE COMPLETLY AND IRREVOCABLY ERADICATED THE EFFECTS OF THE ALLEGED VIOLATION. COUNTY OF LOS ANGELES V. DAVIS, 440 U.S. 625, 631, 99 S. CT. 1379 (1979) (CITATIONS OMITTED); ACCORD, GREEN V. MCCALL, 636 F. SUPP. 101, 105 (D. CONN, 1986), AFF'D, 822 F.2d 284 (2nd Cir. 1987)

THE PARTY CLAIMING MOOTNESS HAS THE BURDEN OF SHOWING THAT THE CASE IS REALLY MOOT. FIREFIGHTERS LOCAL 1784 V. STOTTS, 467 U.S. 561, 569-70, 104 S.Ct. 2576, 2583(1984).

IN ADDITION THE PLAINTIFF HAS A 2010 RELEASE DATE FROM INCAR-CERATION SO THERE IS A VERY STRONG POSSIBILITY THAT HE WILL BE

RETURDED TO NORTHERN. THEREFORE, THE PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD STAND UNTIL PROPER REMEDY IS MEET.

## CONCLUSION

FOR THE AFOREMENTIONED REASONS, THE DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,

COREY T. BROOKS #237651
Corey Brooks
MACDOUGALL CORR. INST.
1153 EAST STREET SOUTH
SUFFIELD, CT 06080

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING WAS MAILED ON MARCH 27TH 2004 TO:

ASSISTANT ATTORNEY
        GENERAL
ANN E. LYNCH
110 SHERMAN STREET
HARTFORD, CT 06105

For Corey Brooks

Dec. 12. 002.

AFFIDAVIT

Presented By: _____

NAME: V. Robinson  280962#

Adress: P.O Box 665 Somers, CT 06071

On 8-26-02. I was Being Desruptive
Do To A Faberoated Disaplinary Action, The
Reporting officers underlined Below wear called
The reporting officers Are: Lieutenant Mantley, Lt.
Knapp, and other Jhon Doe C/o. in conjunction
with use of Force Rules under. 6.5 administative
Directive it was violated also The Due process
Clause. Do To my Negative Behavia my
cell mate: mR. Corey Brooks was Mased
(6)Times  Six cans of capstun, and Then Lefte
in The cell For The apstraction Team For
30 min. Refused Medical Attention And is
Now suffering From The Resulting affects.
and The D.O.C is Trying To act like this hiedeous
Assalt Never happened on 8-26-02.

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 03/31/2007

RECEIVED

BY: -------------------

Subscribed and Sworn to before me, a Notary
Public in and for County of _Tolland_
and State of Connecticut, this _27th_ day of
_December_ 20 _02_

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 03/31/2007



# STATE OF CONNECTICUT

*DEPARTMENT OF CORRECTION*

***OFFENDER CLASSIFICATION & POPULATION MANAGEMENT UNIT***

*1151 East Street South*

*Suffield, Connecticut 06078*

October 31, 2002

Corey Brooks #237651
Northern CI
287 Bilton Rd.
Somers, CT 06071

Dear Mr. Brooks,

This will acknowledge receipt of your correspondence received here on October 28, 2002 concerning your appeal of your placement on Administrative Segregation at the Northern CI.

Please be advised that I have reviewed your case. My investigation reveals that on August 20, 2002 Warden Myers recommended your placement on Administrative Segregation as a Close Custody for Security Risk Group Threat Member failure. The cause for this recommendation was due to your poor disciplinary behavior while in the Close Custody program. I authorized your placement on Administrative Segregation on September 13, 2002. I find no reason to alter my decision.

I urge you to modify your behavior and to participate in all programming at the Northern CI.

I will, via copy, apprise Warden Myers of this correspondence.

Sincerely,

Fred Levesque, Director
Offender Classification &
Population Management

FL/iv

Cc:   Warden Larry Myers, Northern CI
       OCPM, Administrative Segregation file

<u>CERTIFICATION</u>

I HEREBY CERTIFY THAT A COPY OF THE FORE-
GOING WAS MAILED ON THIS DAY OF MARCH 17TH, 2004
TO:

ASSISTANT ATTORNEY
     GENERAL
ANN E. LYNCH
110 SHERMAN STREET
HARTFORD, CONNECTICUT 06105

#237651
BY COREY T. BROOKS
   Corey Brooks #237651
MACDOUGALL C. I
1153 EAST STREET SOUTH
SUFFIELD, CT 06080