JUN 24 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL 19 P 3:33
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

COREY T. BROOKS
PRO-SE PLAINTIFF

CASE NO. 3:03CV00544(WWE)(HBF)

VS.

LARRY MEYERS et al.,

## BRIEF IN OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION

### STATEMENT OF THE CASE

THIS IS A §1983 ACTION FILED BY COREY T. BROOKS A PRISONER AT CHESHIRE CORRECTIONAL INSTITUTION SEEKING DAMAGES, A DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF BASED ON THE USE OF UNNECESSARY FORCE, THE DENIAL OF PROCEDURAL DUE PROCESS, AND THE DENIAL OF ADEQUATE MEDICAL CARE. DEFENDANTS HAVE FILED A MOTION FOR SUMMARY JUDGMENT AS TO THE PLAINTIFF'S USE OF FORCE CLAIM AND INADEQUATE MEDICAL CARE CLAIMS. ARGUING THAT THEIR CONDUCT DID NOT VIOLATE THE CONSTITUTION.

### STATEMENT OF FACTS

THE PLAINTIFF'S AFFIDAVIT SUBMITTED IN RESPONSE TO THE DEFENDANTS' MOTION, STATES THAT ON AUGUST 13 2002 HE WAS PLACED INTO ADMINISTRATIVE SEGREGATION WITHOUT A HEARING BY DEF-

(ROBINSON) WHILE I WAS ON A.D. STATUS. AND THAT ON AUGUST 26, 2002 PLAINTIFFS' CELLMATE PUT A COVERING ON HIS CELL WINDOW. WHEN ORDERED TO TAKE COVERING DOWN PLAINTIFF DID IN FACT COMPLY WITH THIS ORDER BUT WAS PHYSICALLY STOP FROM DOING SO WHICH WAS CLEAR TO DEFENDANTS. THEN ONCE CUFFED UP. I WAS LEFT IN CONTAMINATED CELL FOR 20 MINUTES WHEN I SHOULD HAVE BEEN REMOVED IMMEDIATELY ONCE CUFFED UP. WHEN FINALLY REMOVED TO BE DECONTAMINATED I WAS ONLY ALLOWED TO PLACE MY FACE UNDER HOT WATER AND EVEN THOUGH I NEVER VIOLATED ANY PRISON RULES I WAS STILL FORCED TO ENDURE EIGHTEEN HOURS OF IN-CELL RESTRAINTS WITH MACE STILL BURNING MY SKIN. WHEN I COMPLAINED TO DEFENDANTS I WAS TOLD THAT I HAD TO DEAL WITH IT. WHICH CAUSED INJURIES TO HIS RIGHT EYE.

THE DEFENDANTS' AFFIDAVITS TELL A DIFFERENT STORY THEY CLAIM THAT I VIOLATED PRISON RULES FOR HAVING MY CELL WINDOW COVERED, AND WHEN ORDERED TO TAKE COVERING DOWN. THAT I REFUSED THIER ORDER AND FORCE HAD TO BE USED BY TEAR GASING ME IN MY CELL. WHEN REMOVED FROM CELL I WAS GIVEN A DECONTAMINATION SHOWER AND PLACED IN IN-CELL RESTRAINTS FOR MY IRATE BEHAVIOR. WHILE ON IN-CELL THEY CLAIM I OFFER NO COMPLAINTS OF THE MACE THAT REACTIVATED WHILE ON IN-CELL.

<u>ARGUMENT</u>
<u>POINT 1.</u>

There are genuine issues of material fact that preclude summary judgment for the defendants on the plaintiffs' claims. Summary judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. A "material" fact is one that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The affidavits of the plaintiff and the defendants are squarely contradictory as to the need for force on the plaintiff and why it was used. The allegations in the plaintiff's affidavit portray a completely needless use of force against an inmate who was violating no prison rules and was attempting to cooperate with the order he had been given. There is clearly a genuine issue of fact.

The factual dispute is also material. Under the governing law, whether the use of force by prison staff violates the Eighth Amendment depends on whether it was "applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm". Hudson v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986). The facts alleged by the plaintiff are evidence that the defendants

HARM", THEY WOULD SUPPORT A JURY VERDICT IN THE PLAINTIFF'S FAVOR. SEE MILLER V. LEATHERS, 913 F.2d 1085, 1088 (4TH CIR. 1990)(en BANC)(RETALIATORY INTENT COULD BE INFERRED FROM OFFICER'S ACTION), CERT. DENIED. 111 S.Ct. 1018 (1991).; OLIVER V. COLLINS, 914 F.2d 56, 59 (5TH CIR. 1990) (TESTIMONY THAT NO FORCE AT ALL WAS NECESSARY WOULD SUPPORT A FINDING OF MALICE).)

### POINT II

DEFENDANTS LARRY MYERS et al., IS LIABLE FOR THE DUE PROCESS VIOLATIONS BY REASON OF HIS FAILURE TO CORRECT THEM ON ADMINISTRATIVE APPEAL

DEFENDANTS LARRY MYERS et al., WAS (THEN) WARDEN OF N.C.I AND WAS IN CHARGE OF THE DAY TO DAY OPERATION WHICH IS NOT LIMITED TO STAFF TRAINING AND SUPERVISOR STAFF, AND INMATES. ALSO THE OVERALL DAY TO DAY ADMINISTRATIVE OPERATION OF THE FACILITY. ALTHOUGH WARDEN MYERS DID NOT COMMIT THE DUE PROCESS VIOLATIONS, HE BECAME RESPONSIBLE FOR THEM WHEN HE FAILED TO CORRECT THEM IN THE COURSE OF HIS SUPERVISORY RESPONSIBILITIES. A SUPERVISOR WHO LEARNS OF A CONSTITUTIONAL VIOLATION THROUGH A REPORT OR APPEAL MAY BE HELD LIABLE FOR FAILING TO CORRECT IT. WILLIAMS V. SMITH, 781 F.2d 319, 323-24 (2d CIR. 1986). IN PARTICULAR, WARDENS AND OTHER HIGH-LEVEL PRISON OFFICIALS WHO ARE DESIGNATED TO DECIDE DISCIPLINARY HEARINGS OR APPEALS HAVE THE DUTY TO CONDUCT AT LEAST A "MINIMAL INVESTIGATION" WHEN CONFRONTED WITH EVIDENCE OF DUE PROCESS

VIOLATIONS, AND THEY MAY BE HELD LIABLE FOR FAILING TO PERFORM THIS DUTY. KING V. HIGGINS, 702 F.2d 18, 21 (1st Cir.), CERT. DENIED, 464 U.S. 965 (1983); ACCORD, LEWIS V. SMITH, 855 F.2d 736, 738 (11th Cir. 1988); GABAI V. JACOBY, 800 F.SUPP. 1149, 1156 (S.D.N.Y. 1992); FEAGIN V. BROGLIN, 693 F.SUPP. 736, 740 (N.D. IND. 1988); PINO V. DALSHEIM, 605 F.SUPP. 1305, 1319 (S.D.N.Y. 1985); DYSON V. KOCIK, 564 F.SUPP. 109, 120 (M.D.PA. 1983), AFF'D, 740 F.2d 956 (3d Cir. 1984).

THIS IS A CASE WHERE THE WARDEN "PERSONALLY HAD A JOB TO DO AND HE DID NOT DO IT," (MOREOVER, THE PLAINTIFF IDENTIFIED THE DUE PROCESS VIOLATIONS IN HIS A.S. APPEAL LETTER, SO **THE** WARDEN KNEW JUST WHAT TO LOOK FOR). AND HIS FAILURE TO DO HIS JOB WAS "SO LIKELY TO RESULT IN THE VIOLATION OF THE INMATES' CONSTITUTIONAL RIGHT" AS TO ESTABLISH DELIBERATE INDIFFERENCE ON HIS PART. HILL V. MARSHALL, 962 F.2d 1209, 1213-14 (6th Cir. 1992) (EMPHASIS IN ORIGINAL), CERT. DENIED, ___ U.S. ___ (1993). DELIBERATE INDIFFERENCE BY SUPERVISORY OFFICIALS TO INMATES' CONSTITUTIONAL RIGHTS IS SUFFICIENT TO ESTABLISH LIABILITY UNDER 42 U.S.C. §1983. ASWEGAN V. BRUHL, 965 F.2d 676, 677 (9th Cir. 1992); WALKER V. NORRIS, 917 F.2d 1449, 1456 (6th Cir. 1990).

### POINT III

THE MEDICS ONLY HAD PLAINTIFF'S FACE UNDER WATER FOR A COUPLE OF SECONDS, IN FACT THEY NEVER FOLLOWED PROPER DECONTAMINATION PROCEDURES AFTER THE USE OF CHEMICAL AGENTS SEE TODARO V. WARD, 565 F.2d 48, 52 (2d Cir. 1977), QUOTING BISHOP V. STONEMAN, 508 F.2d 1224, 1226 (2d Cir. 1974); ACCORD, HARRIS V. THIGPEN, 941 F.2d 1495, 1505 (11th Cir. 1991); KAMINSKY V. ROSENBLUM, 737 F.SUPP. 1309, 1319 (S.D.N.Y. 1990) ("UNNECESSARY PAIN AND SUFFERING"). PRISON PERSONNEL MAY BE HELD LIABLE FOR

THEIR FAILURE TO ACT IF IT CAUSES A CONSTITUTIONAL VIOLATION. "ACTS OF OMISSION ARE ACTIONABLE ... to THE SAME EXTENT AS ACTS OF COMMISSION SEE SMITH V. ROSS, 482 F.2d 33, 36 (6TH CIR. 1978); ACCORD, ESTELLE V. GAMBLE, 429 U.S. 97, 106, 97 S.Ct. 285 (1976) (MEDICAL CARE CLAIMS MAY BE BASED ON "ACTS OR OMISSIONS") ALEXANDER V. PERRILL, 916 F.2d 1392, 1395 (9TH CIR. 1990) (PRISON OFFICIALS "CANT JUST SIT ON YOUR DUFF AND NOT DO ANYTHING" TO PREVENT VIOLATIONS OF RIGHTS).



COREY BROOKS #237651

Corey Brooks

CHESHIRE CORR. INST.,

900 HIGHLAND AVE

CHESHIRE, CT 06410

## CONCLUSION

FOR THE FOREGOING REASONS, THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

DATE: JUNE 22, 2004

COREY T BROOKS #237651

CHESHIRE CORR. INST.

900 HIGHLAND AVE

CHESHIRE, CT 06410

PRO-SE   *Corey Brooks*

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FORGOING WAS MAILED. JUNE 22, 2004 TO:

AND RESUBMITTED ON JULY 14, 2004

ASSISTANT ATTORNEY
    GENERAL

ANN E. LYNCH

110 SHERMAN STREET

HARTFORD, CT 06105

BY COREY BROOKS #237651

*Corey Brooks*

CHESHIRE CORR. INST.

900 HIGHLAND AVE

CHESHIRE, CT 06410