```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


COREY T. BROOKS                  :
                                 :            PRISONER
     v.                          :   Case No. 3:03CV544(WWE)(HBF)
                                 :
WARDEN LARRY MYERS, et al.¹      :
```

MEMORANDUM OF DECISION

Plaintiff Corey T. Brooks filed this civil rights action pursuant to 28 U.S.C. § 1915. He alleges that the defendants failed to protect him from assault by his cellmate and used excessive force against him when extracting him from his cell. The defendants have filed a motion to dismiss. For the reasons that follow, the defendants' motion will be granted in part, and denied in part.

Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it

---

¹The named defendants are Warden Larry Myers, Major Thomas Coates, Captains Matthew Regan and Maurice Butler, Lieutenants Knapp, Bucsiewic and Manley, Correctional Officers Howes, Oberg, Pafumi, Jones and Medics Stephen Badura and Collen Dudley.

is clear that no relief can be granted. See <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996) (quoting <u>Grant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

<u>Facts</u>

Keeping this standard in mind, the court accepts as true the following allegations taken from the amended complaint.

The incidents giving rise to this action occurred while the plaintiff was confined at Northern Correctional Institution.

On August 13, 2002, the plaintiff was on administrative detention. He was confined in a cell in the administrative segregation unit with an unsentenced inmate. On August 26, 2002,

a correctional officer issued the plaintiff's cellmate a disciplinary report.  The plaintiff's cellmate covered the window in the cell door in response to taunting by correctional officers about the disciplinary report.  The plaintiff's cellmate refused to take the covering off the window when asked by correctional officers to do so.  The plaintiff tried to remove the covering from the cell door, but his cellmate struck him in the face and informed the correctional officers that he was not going to let the plaintiff remove the covering.  Lieutenant Manley then ordered the plaintiff and his cellmate to remove the covering from the cell door.  The plaintiff's cellmate refused and threatened to stab the plaintiff with a pen if the plaintiff attempted to remove the covering.

    Lieutenants Knapp and Bucsiewic ordered the plaintiff's cellmate to remove the covering from the cell door, but he refused.  Lieutenants Manley, Knapp and Bucsiewic left the plaintiff's cell and later returned with a chemical spray.  They sprayed Capstun in the plaintiff's cell for fifteen minutes.  The plaintiff's cellmate then removed the covering from the cell door.  Lieutenant Manley then handcuffed the plaintiff and his cellmate through the slot in the cell door.  The plaintiff remained in the cell for another twenty minutes.  During this time, the plaintiff was choking, vomiting and could not breathe.

    Correctional Officers Howes, Oberg, Pafumi and Jones then

extracted the plaintiff from the cell and shackled his feet. The officers then brought the plaintiff to rinse his face under hot water, flush his eyes and have someone check his breathing. The officers placed the plaintiff in a new cell. The plaintiff remained in the cell in handcuffs, shackles and with a tether chain around his waist.

The plaintiff complained to Medic Badura that the shackle on his left ankle was too tight and that he was still feeling the effects of the Capstun. Medic Badura ignored the plaintiff's complaints. The plaintiff alleges that he suffered an injury to his eye during the alleged use of excessive force and still suffers from emotional distress.

A correctional official subsequently found the plaintiff not guilty of any misconduct in connection with the incident involving the covering of the cell door window. The plaintiff seeks declaratory relief and compensatory and punitive damages.

III. Discussion

The defendants move to dismiss this case on three grounds: (1) failure to allege facts demonstrating deliberate indifference to his safety, (2) failure to allege the personal involvement of defendants Myers, Regan, Butler, Dudley or Badura, and (3) any claims for injunctive relief are moot.

I.   <u>Eleventh Amendment</u>

Defendants move to dismiss all claims for damages against them in their official capacities.  The plaintiff concedes that he cannot obtain an award of damages against the defendants in their official capacities, but argues that he could obtain injunctive relief against the defendants in their official capacities.

Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment.  <u>See</u> <u>Florida Dep't of State v. Treasure Salvors</u>, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity.  <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979).  The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985).

Here, the plaintiff sues the defendants in their individual and official capacities for compensatory and punitive damages. Any monetary recovery by the plaintiff against the defendants in their official capacities, however, would constitute a recovery against the state and as such these claims are not actionable. Defendants' motion to dismiss is granted as to all claims for

damages from the defendants in their official capacities.

## II. Claims for Declaratory and Injunctive Relief

The defendants argue that the plaintiff's claims for injunctive relief concerning conditions of confinement at Northern Correctional Institution should be dismissed as moot because the plaintiff is now incarcerated at Cheshire Correctional Institution. The plaintiff's amended complaint does not include any claims for injunctive relief. Accordingly, the motion to dismiss any claims for injunctive relief is denied as moot.

The plaintiff does seek declaratory relief in his amended complaint. The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). Other courts concur with this result. See, e.g., Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) (holding that inmate's suit for declaratory judgment as to whether correctional officers violated his constitutional rights by opening his privileged mail outside his presence was rendered

6

moot by inmate's release from prison); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that inmate's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit).

The plaintiff has been transferred to Cheshire Correctional Institution. Thus, all claims for declaratory relief concerning conditions of confinement at Northern Correctional Institution are moot. The motion to dismiss is granted as to all claims for declaratory relief. All claims for relief against the defendants in their official capacities have been dismissed.

III. <u>Personal Involvement</u>

The defendants argue that the plaintiff has failed to allege facts demonstrating the personal involvement of defendants Myers, Regan, Butler, Dudley or Badura in the incidents giving rise to this action.

It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. See <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994). "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." <u>Leonard v. Poe</u>, 282 F.3d 123, 140 (2d Cir. 2002). Section 1983 imposes liability only on the

official causing the violation. Thus, the doctrine of *respondeat superior* is inapplicable in section 1983 cases. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).

> [A] supervisor may be found liable for his deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring or for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link between the supervisor's inaction and [his] injury.

Leonard, 282 F.3d at 140.

    A.    <u>Warden Myers and Captains Butler and Regan</u>

There are no references to defendants Myers, Butler, Regan in the factual description of plaintiff's claims. In the legal claims section of the amended complaint, the plaintiff states that defendants Myers, Butler and Regan failed to properly supervise and train the correctional officers who used excessive force against him. (See Am. Compl. ¶¶ 52-54.) Thus, it is apparent that the plaintiff has named these defendants due to their supervisory roles only. The plaintiff alleges no facts demonstrating that defendants Myers, Butler or Regan were present at the time of the alleged assault by the plaintiff's cellmate, the subsequent use of Capstun, the extraction of the plaintiff from his cell or the alleged denial of medical treatment to the plaintiff. In addition, the plaintiff has not alleged that these three defendants were aware that plaintiff's cellmate might

assault him or that the correctional officers addressing the incident would use force to remove him from the cell.[2] Thus, the plaintiff has failed to set forth facts demonstrating a causal link between these defendants alleged failure to supervise and train and use of excessive force against him by other correctional officers on August 26, 2002.

The court concludes that the plaintiff has failed to allege facts demonstrating the personal involvement of defendants Myers, Butler and Regan in these incidents. The court concludes that the claims against defendants Myers, Butler and Regan are premised on *respondeat superior* and, thus, are not cognizable in a section 1983 action. The defendants' motion to dismiss is granted on this ground as to all claims against defendants Myers, Butler and Regan.

---

[2] The plaintiff attaches a letter from the Classification and Population Management Director dated December 31, 2002, in an attempt to show Warden Myers involvement in the allegations in the amended complaint. The letter indicates that Warden Myers recommended that the plaintiff be placed on Administrative Segregation on August 20, 2002. This letter is not attached to the amended complaint and there is no reference to the letter in the amended complaint. A complaint cannot be amended by a memorandum in opposition to a motion to dismiss. See Natale v. Town of Darien, No. CIV. 3:97CV583 (AHN), 1998 WL 91073, at *4 n. 2 (D. Conn. Feb. 26, 1998) (holding plaintiff may not amend complaint in memorandum of law) (citing Daury v. Smith, 842 F.2d 9, 15-16 (1st Cir. 1988)); Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc., 723 F. Supp. 976, 987 (S.D.N.Y. 1989) (same). Even if the court were to consider the letter, it does not demonstrate Warden Myers personal involvement in the assault on the plaintiff by the plaintiff's cellmate, the alleged use of excessive force in extracting the plaintiff from his cell or the alleged denial of medical treatment.

B.  <u>Medic Dudley</u>

There are no references to defendant Dudley other than in the description of parties section of the amended complaint. (<u>See</u> Am. Compl. ¶ 19.)  Collen Dudley is described as a medic employed at Northern Correctional Institution.  As there are no facts in the amended complaint regarding Medic Dudley, the plaintiff has failed allege that Medic Dudley was deliberately indifferent to his medical needs.  Accordingly, the motion to dismiss is granted on the ground that the plaintiff has failed to state a claim against Medic Dudley for a violation of his constitutional rights.  All claims against defendant Dudley are dismissed.

C.  <u>Medic Badura</u>

The plaintiff describes Stephen Badura as a medic employed at Northern Correctional Institution.  He alleges that he complained to Medic Badura that his shackles were too tight and that he was still suffering the effects of the Capstun after he had undergone decontamination procedures.  He alleges that Medic Badura ignored his requests for medical treatment.  Crediting these allegations, as the court must when reviewing a motion to dismiss, the court concludes that the plaintiff has sufficiently alleged that Medic Badura was aware of and involved in the

alleged denial of medical care following the extraction of the plaintiff from his cell.  Thus, the defendants' motion to dismiss is denied as to defendant Badura.

IV.  State Law Claims

The plaintiff states in his amended complaint that he also brings claims for violation of his rights under state law. Supplemental or pendent jurisdiction is a matter of discretion, not of right.  Thus, the court need not exercise supplemental jurisdiction in every case.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966).  The federal court should exercise supplemental jurisdiction and hear a state claim when doing so would promote judicial economy, convenience and fairness to the litigants.  The court should decline to exercise supplemental jurisdiction, however, when state law issues would predominate the litigation or the federal court would be required to interpret state law in the absence of state precedent.  See id. at 726.  In addition, the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3); Carnegie- Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to

11

exercise jurisdiction over the remaining state-law claims"); <u>Spear v. Town of West Hartford</u>, 771 F. Supp. 521, 530 (D. Conn. 1991) ("absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of"), <u>aff'd</u>, 954 F.2d 63 (2d Cir.), <u>cert. denied</u>, 506 U.S. 819 (1992).  The court has granted the defendants' motion to dismiss as to all federal claims against defendants Myers, Butler, Dudley and Regan.  Thus, the court declines to exercise supplemental jurisdiction over any remaining state law claims against those four defendants.

## Conclusion

The Motion to Dismiss [**doc. #29**] is **GRANTED** as to all official capacity claims for monetary damages and declaratory relief and as to all other claims against defendants Myers, Butler, Dudley and Regan.  The Motion is **DENIED** as moot as to all claims for injunctive relief.  The court declines to exercise supplemental jurisdiction over the plaintiff's state law claims against Myers, Butler, Dudley and Regan and those claims are

**DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The case remains pending against defendants Coates, Knapp, Bucsiewic, Howes, Oberg, Pafumi, Jones, Badura and Manley in their individual capacities.

    **SO ORDERED** this 26th day of July, 2004, at Bridgeport, Connecticut.

```
              /s/
       _____
       Warren W. Eginton
       Senior United States District Judge
```