NOV 1 . 2004

UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT 2004 DEC 22 P 3: 19

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

COREY BROOKS,
PLAINTIFF

PRISONER

VS.

CASE NO. 3:03 CV 0544 (WWE)(WIG)

HARRY MYERS, ET AL,
DEFENDANTS

DATE: 11-8-2004

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

STATEMENT OF CASE

THIS IS A CIVIL RIGHTS CASE FILED UNDER 42 U.S.C § 1983 BY A STATE
PRISONER AND ASSERTING CLAIMS FOR THE UNCONSTITUTIONAL MISUSE
OF FORCE, THE DENIAL OF HIS CONSTITUTIONAL RIGHT TO DUE PRO-
CESS; THE DENIAL OF ADEQUATE MEDICAL CARE. THE PLAINTIFF SEEKS
DAMAGES AS TO ALL CLAIMS AND AN RESOLUTION TO ENSURE THE
PROTECTION OF HIS CONSTITUTIONAL AND STATE AFFORDED RIGHTS.

STATEMENT OF FACTS

THE COMPLAINT ALLEGES THAT THE PLAINTIFF WAS SUBJECTED TO
EXCESSIVE FORCE, AND DENIAL OF ADEQUATE MEDICAL CARE DUE TO
NOT BEING DECONTAMINATED PROPERLY AFTER BEING MACED REPEAT
EDLY THEN LEFT IN CELL FOR (20) TWENTY MINUTES, AND BEING DENIED
DUE PROCESS, THE PLAINTIFF SUSTAINED INJURIES SOME OF ALL OF
WHICH ARE PERMANANT IN NATURE.

## ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

IN DECIDING WHETHER TO APPOINT COUNSEL FOR AN INDIGENT LITIGANT, THE COURT SHOULD CONSIDER THE FACTUAL COMPLEXITY OF THE CASE, THE ABILITY OF THE INDIGENT TO INVESTIGATE THE FACTS; THE EXISTENCE OF CONFLICTING TESTIMONY, THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM AND THE COMPLEXITY OF THE LEGAL ISSUES; ABDULLAH V. GUNTER, 949 F.2d 1032, 1035 (8TH CIR. 1991) (CITATION OMITTED), CERT. DENIED, 112 S.CT. 1995 (1992). IN ADDITION, COURTS HAVE SUGGESTED THAT THE MOST IMPORTANT FACTOR IS WHETHER THE CASE APPEARS TO HAVE MERIT COOK V. A. SARGENTS CO. INC., 877 F.2d 110, 113 (2d CIR. 1989). EACH OF THOSE FACTORS WEIGHS IN FAVOR OF APPOINTING COUNSEL IN THIS CASE.

1. FACTUAL COMPLEXITY. THE PLAINTIFF ALLEGES THAT SEVERAL NORTHERN CORRECTIONAL OFFICERS UNREASONABLY AND UNLAWFULLY USED EXCESSIVE FORCE, WHILE HE HAD NOTHING TO DO WITH THE SITUATION AND SHOULD NOT HAVE BEEN IN A CELL WITH AN INMATE THAT WAS LEVEL 5 ADMINISTRATIVE SEGREGATION, AND PLACED IN IN-CELL RESTRAINT WHEN IT WAS EVIDENT HE HAD NOTHING TO DO WITH THE SITUATION; AND THEN DENIED PROPER MEDICAL CARE, AND THE DENIAL OF THE DUE PROCESS BY THE DEFENDANTS. THE SHEER NUMBER OF CLAIMS AND DEFENDANTS MAKES THIS A FACTUALLY COMPLEX CASE.

2. THE PLAINTIFF'S ABILITY TO INVESTIGATE. THE PLAINTIFF IS INCARCERATED AND HAS NO ABILITY TO INVESTIGATE THE FACTS, FOR EXAMPLE, HE IS UNABLE TO IDENTIFY, LOCATE AND INTERVIEW THE BYSTANDER WITNESSES WHO WHO ARE INMATES, WHO SAW SOME OR ALL OF THE MISUSE OF FORCE HE IS IN THE SAME SITUATION AS AN INMATE WHO HAS BEEN TRANSFERRED TO A DIFFERENT INSTITUTION, A FACTOR THAT SEVERAL COURTS HAVE CITED IN APPOINTING COUNSEL. TUCKER V. RANDALL, 948 F.2d 380, 391-92 (7th CIR. 1991); GATSON V. COUGHLIN, 679 F.SUPP 270, 273 (W.D.N.Y. 1988); ARMSTRONG V. SNYDER, 103 F.R.D. 96, 105 (E.D. WIS. 1984). IN ADDITION

3. CONFLICTING TESTIMONY. THE PLAINTIFF'S CLAIM'S OF UNREASONABLE USE OF FORCE, DENIAL OF PROPER MEDICAL CARE AND THE DENIAL OF DUE PROCESS, IS SQUARELY IN CONFLICT WITH THE STATEMENT OF THE CIO'S. THIS ASPECT OF THE CASE WILL BE A CREDIBILITY CONTEST BETWEEN THE DEFENDANTS AND THE PLAINTIFF (AND SUCH INMATE(S) WITNESSES AS CAN BE LOCATED). THE EXISTENCE OF THESE CREDIBILITY ISSUES SUPPORTS THE APPOINTMENT OF COUNSEL. GATSON V. COUGHLIN, 679 F. SUPP. 270, 273 (W.D.N.Y. 1988).

4. THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM. THE PLAINTIFF AS AN INDIGENT PRISONER WITH NO LEGAL TRAINING, A FACTOR THAT SUPPORTS THE APPOINTMENT OF COUNSEL. WHISENANT V. YUAM, 739 F.2d 160, 163 (4TH. CIR. 1984). IN ADDITION HE IS INCARCERATED WITH EXTREMELY LIMITED ACCESS TO LEGAL MATERIALS AND ABSOLUTELY NO ACCESS TO A LEGITIMATE LAW LIBRARY, RAYES V. JOHNSON, 969 F.2d 700, 703-04 (8TH CIR 1992) CITING LACK OF READY ACCESS TO A LAW LIBRARY AS A FACTOR SUPPORTING APPOINTMENT OF COUNSEL.

5. LEGAL COMPLEXITY. THE LARGE NUMBER OF DEFENDANTS, SOME OF WHOM ARE SUPERVISORY OFFICIALS, PRESENTS COMPLEX LEGAL ISSUES OF DETERMINING WHICH DEFENDANTS WERE SUFFICIENTLY PERSONALLY INVOLVED IN THE CONSTITUTION VIOLATIONS TO BE HELD LIABLE. IN ADDITION, THE PLAINTIFF HAS ASKED FOR A JURY TRIAL, WHICH REQUIRES MUCH GREATER LEGAL SKILL THAN THE PLAINTIFF HAS OR CAN DEVELOP. SEE ABDULLAH V. GUNTER, 949 F.2d 1032, 1036 (8th CIR. 1991)(CITING JURY DEMAND AS A FACTOR SUPPORTING APPOINTMENT OF COUNSEL), CERT. DENIED 112 S. CT, 1476 (1992).

6. MERIT OF THE CASE. THE PLAINTIFF'S ALLEGATIONS, IF PROVED, CLEARLY WOULD ESTABLISH A CONSTITUTIONAL VIOLATION. THE MISUSE OF FORCE, DENIAL OF PROPER MEDICAL CARE ALLEGED IN THE COMPLAINT CLEARLY STATES AN EIGHTH AMENDMENT, FOURTEENTH AMENDMENT VIOLATION ON ITS FACE, THUN, THIS IS A MERITORIOUS CASE.

CONCLUSION

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION AND APPOINT COUNSEL IN THIS CASE.

Corey Brooks

COREY BROOKS #236-571

CHESHIRE CORR. INST.

900 HIGHLAND AVE

CHESHIRE, CT 06410

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOR GOING WAS
MAILED ON THIS DAY OF ~~FEBRUARY~~ NOVEMBER 8 ,2004

TO: ASSISTANT ATTORNEY
    GENERAL

    ANN E. LYNCH

    110 SHERMAN STREET

    HARTFORD, CT 06105

BY COREY BROOKS#237657

Corey Brooks

~~XXXXXXXXX XXXX. XXX~~ (CB)

~~XXX XXX XXXXX XXXXX~~ (CB)

~~XXXXXXX, XX XXXXX~~ (CB)

Corey Brooks #237657
CHESHIRE CORR INSF.
900 HIGHLAND AVE
CHESHIRE, CT 06410