UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COREY T. BROOKS

VS.

LARRY MYERS ET. AL.,

CASE NO. 3:03CV00544 (WWE) (HBF)

FILED
2005 JUN 21 P 4: 30
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

## BRIEF IN OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT MOTION

### STATEMENT OF THE CASE

THIS IS A 1983 ACTION FILED BY A PRISONER AT CHESHIRE CORR. INST. SEEKING DAMAGES, A DECLAROTORY JUDGMENT, AND INJUNCTIVE RELIEF BASED ON THE USE OF EXCESSIVE FORCE. DEFENDANTS HAVE FILED A MOTION FOR SUMMARY JUDGMENT AS TO THE PLAINTIFFS USE OF FORCE CLAIM AGAINST DEFENDANTS MANLEY, BUCSIEWICS AND KNAPP, ARGUING THAT THEIR CONDUCT DID NOT VIOLATE THE CONSTITUTION.

### STATEMENT OF FACTS

THE PLAINTIFFS AFFIDAVIT SUBMITTED IN RESPONSE TO THE DEFENDANTS' MOTION STATES THAT ON AUGUST 26, 2002 PLAINTIFF WAS EXPOSED TO CHEMICAL AGENTS FOR 15 TO 20 MINUTES IN A CELL HANDCUFFED, WHILE DEFENDANTS HAD ALREADY RESTORED ORDER AND SUBDUED INMATE ROBINSON. PLAITIFF COULD NOT BREATHE, VOMITED AND WAS CHOKING, AND THAT DEFENDANTS KNEW OF PLAINTIFFS ACUTE DISTRESS. BUT IN DEFIANCE OF NOTHERN CORR. INST. RULES AND POLICIES (WHICH STATE ANY PERSON EXPOSED TO CHEMICAL AGENTS WILL BE REMOVED IMMEDIATELY FROM CONTAMINATED AREA) LEFT PLAINTIFF IN THAT CELL THAT WAS HEAVILY CONTAMINATED FOR 15 TO 20 MINUTES: WHICH LATER CAUSED PLAINTIFF INJURIES TO HIS EYES INCLUDING EMOTIONAL DISTRESS.

THE DEFNDANTS AFFIDAVITS TELL A DIFFERENT STORY. THEY SAY THAT INMATE ROBINSON LET THEM KNOW PLAINTIFF COULD NOT BREATHE, BUT HE DIDN'T APPEAR TO BE IN ANY DISTRESS BECAUSE HE WAS MOVING. ALSO, THAT INMATE ROBINSON WAS STILL OUT OF THEIR CONTROL AFTER HE WAS CUFFED UP. SO THEY HAD TO LEAVE PLAINTIFF IN CONTAMINATED CELL BECAUSE OF THIS AND THAT HE HAD KNOW INJURIES.

### ARGUMENT
### POINT 1

### THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PERCLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFFS' USE OF EXCESSIVE FORCE CLAIM.

IN A MOTION FOR SUMMARY JUDGMENT, THE BURDEN IS ON THE MOVING PARTY TO ESTABLISH THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE AND THAT IT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. SEE RULE 56(C), FED. R. CIV. P.; ANDERSON V. LIBERTY LOBBY, INC, 477 U.S. 242, 256 A COURT MUST GRANT SUMMARY JUDGMENT "IF THE PLEADINGS, DEPOSITIONS, ANSWERS TO INTERROGOTORIES, AND ADMISSIONS ON FILE, TOGETHER WITH AFFIDAVITS IF ANY, SHOW THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT...

MINER V. GLEN FALLS,. 999 F.2D 655, 661 (2D CIR. 1993) (CITATION OMITTED). A DISPUTE REGARDING A MATERIAL FACT IS GENUINE "IF THE EVIDENCE IS SUCH THAT A RESONABLE JURY COULD RETURN A VERDICT FOR THE NONMOVING PARTY," ALDRICH V. RANDOLPH. CENT. SHC. DIST; 963 F.2D 520, 523 (2D CIR.) (QOUTING ANDERSON 477 U.S. AT 248). CERT. DENIED, 506 U.S. 965 (1992). AFTER DISCOVERY, IF THE NONMOVING PARTY "HAS FAILED TO MAKE A SUFFICIENT SHOWING ON AN ESSENTIAL ELEMENT OF [its] CASE WITH RESPECT TO WHICH [it] HAS THE BURDEN OF PROOF," THEN SUMMARY JUDGMENT IS APPROPRIATE. CELOTEX CORP. V. CATRETT, 477 U.S. 317, 323 (1986). WHEN A MOTION FOR SUMMARY JUDGMENT IS SUPORTED BY DOCUMENTARY EVIDENCE AND SWORN AFFIDAVITS, THE NONMOVING PARTY MUST PRESENT "SIGNIFICANT EVIDENCE TO CREATE A GENUINE ISSUE OF MATERIAL FACT, "SOTO . MEACHUM, CIU. NO. B-90-270 (WWE) 1991 WL 21841, AT *6 CD. CONN. AUG. 28, 1991). A PARTY MAY NOT RELY " ON MERE SPECULATION OR CONJECTURE AS TO THE TRUE NATURE OF THE FACTS TO OVERCOME A MOTION FOR SUMMARY JUDGMENT. "KNIGHT V. U.S FIRE INC. CO., 804 F.2D 9, 12C 2D CIR. 1986) CERT DENIED, 480 U.S. 932 (1987). THE COURT RESOLVES "ALL AMBIGUITIES AND DRAWS ALL INFERENCES IN FAVOR OF THE NONMOVING PARTY IN ORDER TO DETERMINE HOW A RESONABLE JURY WOULD DECIDE. "ALDRICH, 963 F.2D AT 523. THUS, "[O]NLY WHEN REASONABLE MINDS COULD DIFFER AS TO THE IMPORT OF THE EVIDENCE IS SUMMARY JUDGMENT PROPER. BRYANT V. MAFFUCI, 923 F.2D 979, 982 (2D CIR.), CERT. DENIED, 502 U.S 849 (19910; SEE ALSO SUBURBAN PROPANE V. PROCTOR GAS, INC, 953 F.2D 780, 788 (2D CIR. 1992). A PARTY MAY NOT CREATE A GENUINE ISSUE OF MATERIAL FACT BY PRESENTING CONTRDICTORY OR UNSUPPORTED STATEMENTS. SEE SECURITIES & EXCHANGE COMM'N V. RESEARCH AUTOMATION CORP. 585 F2D 31, 33 (2D CIR. 1978).

## THE DEFENDANTS ARE NOT QUALIFIED TO IMMUNITY
### POINT 2

THE DEFEDANTS ALSO CONTEND THAT THEIR ACTIONS ARE PROTECTED BY THE DOCTRINE OF QUALIFIED IMMUNITY. THE DOCTRINE OF QUALIFIED IMMUNITY "SHEILDS GOVERMENT OFFICIALS FROM LIABILITY FOR DAMAGES ON ACCOUNT OF THEIR PERFORMANCE OF DISCRETIONARY OFFICIAL FUNCTIONS 'INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A RESONABLE PRESON WOULD HAVE KNOWN." RODRIGUEZ V. PHILLIPS, 66 F.3D 470, 475 (2D CIR. 1995) (QUOTING HARLOW V. FITZGERALD, 407 U.S. 800, 818 (1982). 70 DETERMINE WHETHER A DEFENDANT IS ENTITLED TO THE PROTECTION OF QUALIFIED IMMUNITY, THE COURT MUST CONSIDER "THE "OBJECTIVE LEGAL RESONABLENESS OF THE ALLEGEDLY UNLAWFULY OFFICIAL ACTION 'ASSESSED IN LIGHT OF THE LEGAL RULES THAT WERE "CLEARLY ESTABLISHED" AT THE TIME IT WAS TAKEN, " ID. (QUOTING ANDERSON V. CREIGHTON, 483 U.S. 635, 658 (1987).

AS DISCUSSED ABOVE, THE PLAINTIFF CLAIMS THAT THE ACTIONS OF THE DEFEDANTS IN LEAVING HIM IN A CONTAMINATED CELL FOR 15 TO 20 MINUTES WHILE HE WAS HAVING TROUBLE BREATHING VIOLATED NORTHERN CORR. INST. RULES AND POLICIES, AND THE PLAINTIFFS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND EXCESSIVE FORCE. THESE RIGHTS WERE CLEARLY ESTABLISHED AT THE TIME OF THE INCIDENT GIVING RISE TO THIS ACTION. THUS THE DEFENDANTS" MOTION FOR SUMMARY JUDGMENT ON THE GROUND THAT THEY ARE ENTITLED TO QUALIFIED IMMUNITY SHOULD BE DENIED.

COREY T. BROOKS #237651
900 HIGHLAND AVE
CHESHIRE, CT 06410

*Corey Brooks*

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING WAS MAILED THIS DAY OF JUNE _15_ TO:

ASSISTANT ATTORNEY GENERAL
ANN E. LYNCH
110 SHERMAN STREET
HARTFORD, CONNECTICUT 06105

P

BY: COREY T. BROOKS
Pro se litigant
*Corey Brooks*
900 HIGHLAND AVE
CHESHIRE, CT 06410